IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN

UNITED STATES OF AMERICA          )
                                  )
        v                         )          CR. NO. 2:06mj79-SRW
                                  )                   WO
HARRY EDWARD JONES, III,          )

## ORDER

Based on the evidence adduced at the preliminary hearing on August 15, 2006, the Magistrate Judge concludes that there is probable cause to believe that the defendant committed the offense charged in the complaint.  Therefore, it is

ORDERED that the defendant is bound over to the district court for further proceedings.

Further, in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on August 15, 20006.  As there is probable cause to believe that defendant committed  a 10+ year drug offense, there is a rebuttable presumption of detention in this case pursuant to 18 U.S.C. § 3142(e).  I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that the defendant participated in a conspiracy involving three kilograms of cocaine that were transported from San Antonio for delivery to defendant Jones and his co-defendant, Santo Coleman, in Montgomery.  During an attempted controlled delivery of the cocaine by another co-defendant and law enforcement, Jones fled from the scene in a truck driven by Coleman when agents tried to arrest him.  The truck drove over the grass, traveled down several roads, and finally crashed through a fence and wrecked into a tree.  Approximately one and one-half

hours later, defendant was located by a canine officer in or next to storage shed near the site of the wreck.  He had some $5100 in his possession and a small amount of marijuana.  After he was in custody, defendant gave a false address to the pretrial services officer.

Based on the foregoing, the court concludes that there are no conditions or combination of conditions which will reasonably assure the appearance of the defendant and that the defendant should be detained.  Accordingly, it is

ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE, this 16th day of August, 2006.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE